# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re:<br><br>CONTINENTALAFA DISPENSING COMPANY,<br><br>        Debtor.<br>_____<br><br>JOSHUA BRIDGES on behalf of himself and all others similarly situated,<br><br>        Plaintiff.<br>v.<br><br>CONTINENTALAFA DISPENSING CO., HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD., and HARBINGER CAPITAL PARTNERS SPECIAL SITUATIONS FUND, L.P.,<br><br>        Defendants. | Case No. 08-45921 (KAS)<br>Chapter 11<br><br>Adv. Pro. No.<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

Plaintiff Joshua Bridges ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Defendants, by way of his Complaint against ContinentalAFA Dispensing Co., ("Debtor"), Harbinger Capital Partners Master Fund I, Ltd., and Harbinger Capital Partners Special Situations Fund, L.P., (with Debtor, hereinafter referred to as "Defendants") by and through their counsel allege as follows:

## NATURE OF THE ACTION

      1.    The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendants and who were not provided 60 days

advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

2. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendants. The Plaintiff's claim, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

4. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O)

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Plaintiff Joshua Bridges was employed by Defendants and worked at the Defendants' facility located at 135 Pine St. Forest City, North Carolina (the "North Carolina Facility") until his termination on or about August 6, 2008.

2

*<u>Defendants</u>*

8. Defendants maintained and operated their corporate headquarters at 27 Guenther Saint Peters, Missouri (the "Missouri Facility") as that term is defined by the WARN Act, and maintained and operated additional facilities, as defined by the WARN Act throughout the United States, including: Forest City, North Carolina; and Bridgeport, Connecticut, (collectively the "Facilities").

9. Until on or about August 6, 2008, the Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to one of the Facilities.

10. Upon information and belief, Defendants Harbinger Capital Partners Master Fund I, Ltd., and Harbinger Capital Partners Special Situations Fund, L.P., own 1500 shares of the common stock of Debtor ContinentalAFA Dispensing Co.

11. On August 7, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## <u>CLASS ALLEGATIONS, 29 U.S.C. § 2104</u>

12. Plaintiff brings this action on his own behalf and pursuant to the WARN Act, and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of the Facilities and were terminated without cause on or about July 24, 2008, within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendants on July 24, 2008, pursuant to 29 U.S.C. § 2104(a)(5).

13. On or about August 6, 2008, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

3

14. At or about the time the Plaintiff was terminated, Defendants terminated approximately 700 other similarly situated employees at the Facilities (the "other similarly situated former employees").

15. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

16. Each of the other similarly situated former employees is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

17. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

18. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

19. Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

20. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage, life insurance coverage, and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

21. Defendants ordered mass layoffs or plant closings of their Missouri, North Carolina and Connecticut Facilities without notice on or about July 24, 2008 and failed to pay

4

the North Carolina Plaintiff (Joshua Bridges) and other Class Members compensatory damages and costs.

## CLASS ALLEGATIONS, F.R.B.P. 7023 and F.R.C.P. 23

22. Plaintiff sues under Rule 7023 of the Federal Rules of Bankruptcy Procedure, and Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about July 24, 2008, were terminated without cause within 30 days of July 24, 2008, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about July 24, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

23. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

24. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

25. The claims of the representative party are typical of the claims of the Class.

26. The representative party will fairly and adequately protect the interests of the Class.

27. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where

5

individual plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  Further, no Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act; no litigation concerning the WARN Act has been commenced by any Class Member; and concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class Members.

29. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether the Class Members were employees of Defendant who worked at or reported to Defendant's Facilities;

(b) whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

## CLAIM FOR RELIEF

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

32. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

33. The Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things:

    (a) The Defendants shared common ownership;

    (b) The Defendants shared common officers and directors;

    (c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

    (d) There was a unity of personnel policies emanating from a common source between Defendants; and

    (e) There was a dependency of operations between Defendants.

34. On or about July 24, 2008, the Defendants ordered a mass layoff, plant closing or termination at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

35. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

36. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

37. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

38. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

39. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

40. The Plaintiff, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

41. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

42. Since the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Debtor's violation of federal laws, Plaintiff's and the Class Members' claims against the Debtor are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

43. The relief sought in this proceeding is equitable in nature.

8

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

A.  Certification of this action as a class action;

B.  Designation of the Plaintiff as Class Representative;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  A first priority administrative expense claim against the Debtor pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) or, alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiff and each of the other similarly situated former employees are entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and

E.  An award against the Defendants Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P., in favor of the Plaintiff and the other similarly situated former employees under the WARN Act equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60

9

    days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period;

F. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6).

G. Such other and further relief as this Court may deem just and proper.

Dated:  August 11, 2008          Respectfully submitted,

/S/ RENE S. ROUPINIAN
_____
Adam T. Klein  (pro hac vice motion forthcoming)
Jack A. Raisner (pro hac vice motion forthcoming)
René S. Roupinian (pro hac vice motion forthcoming)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
*Attorneys for Plaintiff and the Putative Class*

COPELAND THOMPSON FARRIS PC

/S/ CHARLES W. RISKE
_____
CHARLES W. RISKE, #4182 #30698
ROBERT E. EGGMANN, #3044 #37374
231 S. Bemiston, Suite 1220
Clayton, MO  63105
(314) 725-9400 Telephone
(314) 726-2361 Facsimile
riske@ctfpc.com
eggmann@ctfpc.com
Local Counsel for Plaintiff and Putative Class