# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CONTINENTALAFA DISPENSING COMPANY, et al., | ) Case No. 08-45921-659 )  Chapter 11 ) #489    9/23 |
| Debtors. | ) |

## ORDER CONFIRMING FIRST AMENDED AND MODIFIED PLAN OF LIQUIDATION DATED AUGUST 13, 2009

The First Amended and Modified Plan of Liquidation dated August 13, 2009, (the "Plan[1]") having been transmitted to Creditors and other parties in interest, and as many have been further modified at the Confirmation Hearing pursuant to Fed. R. Bankr. P. 3019, and having determined after hearing on adequate notice that the requirements for confirmation set forth in 11 U.S.C. § 1129 have been satisfied, and based on the Court's Findings of Fact and Conclusions of Law Regarding Confirmation of First Amended and Modified Plan of Liquidation Dated August 13, 2009, (the "Findings and Conclusions"), and good cause appearing, **IT IS ORDERED THAT:**

1. The Liquidation Trustee charged with implementing and administering the Liquidation Trust in accordance with the Plan shall be RSM McGladrey, Inc., Scott Peltz and David Bart ("RSMI"), whose appointment as Liquidation Trustee is hereby approved.

2. The Liquidation Trust Agreement was filed within the time required by the Plan, and is hereby approved as modified at the time of the confirmation hearing.

3. All assets of the Debtors' Chapter 11 estates, including all causes of action, shall be deemed transferred to the Liquidation Trust in accordance with the Plan on the Effective Date.

4. Pursuant to the Plan, the Liquidation Trustee shall have standing to prosecute all causes of action and administer all assets held by the Liquidation Trust.

---

[1] Terms in this Order are defined in the Plan dated August 13, 2009.

421119.2

5. In accordance with the Plan and with the settlements among the parties, the adversary proceedings in connection with the Debtors' cases, filed as *Official Committee of Unsecured Creditors v. Harbinger Capital Partners Master Fund I,* et al, Adv. No. 08-4213, (the "Committee Settlement") and *Joshua Bridges v. ContinentalAFA Dispensing Co., et al,* Adv. No. 08-4154, and related appeals in any court, shall be dismissed with prejudice and such settlements shall be immediately effective on the Effective Date.

6. The Plan, as amended or modified by this Confirmation Order, is approved and confirmed under 11 U.S.C. § 1129. All modifications of the Plan are hereby approved, and no further disclosure, solicitation, or voting is required.

7. The releases set forth in the Plan are approved based on consideration of the specific, narrow, and unique facts of these cases. This Order shall not be *stare decisis* or serve as precedent in any jurisdiction with regard to the release provisions set forth in the Plan. Other than entry of this Order on the Court's electronic docket, the Court shall not publish this Order in any form.

8. Except as otherwise provided in the Plan, on the Effective Date, the Debtors, the Liquidation Trust, all creditors and other parties in interest ("Enjoined Entities") shall forever be enjoined from the commencement or continuation in any manner, of any action or other proceeding of any kind, the employment of process, or any act to assert a Claim against (a) the Debtors or the Debtors' assets, (b) the Plan Proponent, (c) the Liquidation Trustee or the Liquidation Trust, (d) Harbinger, and (e) any of the foregoing parties' current and former respective nominees, assignees or designees, any agents, advisors, retained professionals, attorneys, representatives, owners, members, officers, directors, employees and other affiliates (the "Released Parties"), in respect of: (i) any actions taken during the pendency of this Bankruptcy Case through the Effective Date, (ii) the Plan; (iii) the authorization for or the formulation, negotiation, confirmation or consummation of the Plan;

(iv) distributions, payments or transfers made under and in accordance with the provisions of the Plan; or (v) acts performed pursuant to the Plan (the "Released Acts").

9. In addition, on the Effective Date and except as otherwise provided in the Plan, each Enjoined Entity shall forever be enjoined, with respect to any act, omission, transaction or other activity occurring prior to the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Released Parties; (b) enforcing, attaching, collecting or recovering by any manner or means, any judgment, award, decree, or order arising out of or related to any Claim or Interest (other than the enforcement of the Plan); (c) creating, perfecting or enforcing any encumbrance of any kind arising out of or related to any Claim or Interest (other than as provided for in the Plan); or (d) asserting any setoff, right of subrogation or recoupment of any kind arising out of or related to any Claim or Interest. Furthermore, all Enjoined Entities, except as aforestated, are prohibited from undertaking any steps to institute or continue any legal process to fix or enforce a lien or claim against property of the Estate, wherever located, except as provided in the Plan.

10. All objections that have not been withdrawn are hereby overruled on the merits.

11. The amounts, priorities, secured status, and classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

12. The Plan shall be binding upon the Debtors, the Liquidation Trust, any entity acquiring or receiving property or a distribution under the Plan, the Enjoined Entities, and any holder of an Administrative Claim or Claim against or Interest in any of the Debtors, including all federal, state, and local governmental entities and fiscal intermediaries thereof, whether or not (i) the Administrative Claim, Claim, or Interest of such holder is impaired under the Plan, (ii) such holder

or entity has accepted the Plan, or (iii) a Proof of Claim, demand for payment of Administrative Claim, or appearance has been made in the Cases.

13. Substantive consolidation of the Debtors is hereby approved for purposes of the Plan and the Plan's treatment of Claims and Administrative Claims. Each Debtor shall be substantively consolidated with each other Debtor, for purposes of allowance of Claims and distributions under the Plan as follows: (i) any of the assets and liabilities of each Debtor shall be deemed to be the assets and liabilities of all of the Debtors; (ii) the Debtors' intercompany Claims (which are Claims of one Debtor against another Debtor) shall be hereby deemed canceled; (iii) all guarantees by any Debtor of the obligations of any other Debtor shall be deemed liquidated so that any Claim against any Debtor and any guarantee thereof executed by any other Debtor shall be deemed to be a single obligation against the consolidated Debtor; (iv) any joint liability of any of the Debtors with one another shall be deemed a single obligation of the consolidated Debtor; and (v) each and every Proof of Claim or Administrative Claim filed or to be filed in the Cases shall be deemed filed against the consolidated Debtor.

14. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority or governmental unit with respect to the implementation or consummation of the Plan.

15. All applications for allowance and payment of Administrative Expense Claims, including applications for final compensation of professional persons for services rendered and for reimbursement of expenses incurred on or before the Effective Date, shall be filed with the Bankruptcy Court no later than 20 days after the Effective Date; or (b) as ordered by the Bankruptcy Court after notice and a hearing on an application to extend such deadline.

16. The unpaid fees and expenses of Focus Management Group USA, Inc., shall be paid pursuant to the prior Order of the Court approving its employment by the Estate.

17. Costs of administration on the Chapter 11 estates after March 2, 2009, that exceed $575,000 shall be reimbursed by the Liquidation Trust to Harbinger in accordance with the Committee Settlement and Plan.

18. Administrative Claims for taxes shall be Allowed only if: (a) within the later of: (i) 30 days after the Effective Date; and (ii) 120 days after the filing of the tax return for such taxes, the holder of such Claim files a motion requesting payment of such Administrative Claim; and (b) such Claim is allowed by Final Order. Any holder of any Administrative Claims for taxes that is required to file a request for payment of such taxes and does not file and properly serve such a request by the applicable bar date shall be forever barred from asserting any such Administrative Claims against the Debtors, their estates, the Liquidation Trust, or their property.

19. All professionals' fees and expenses incurred prior to the Effective Date shall be paid in such amounts as are allowed by the Bankruptcy Court pursuant to 11 U.S.C. § 330 upon the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Administrative Claim. Payment shall be made in the following order: first, from any retainer held by the professional; secondly, from any collateral carve-out established during the bankruptcy proceedings; and lastly, from the Liquidation Trust in accordance with the Plan.

20. Except as otherwise specifically provided in the Plan or in the Confirmation Order, pursuant to 11 U.S.C. § 1141(d), the distributions and rights provided in the Plan shall be in complete satisfaction, discharge and release, effective as of the Effective Date, of all Claims, including any interest or penalties accrued on such Claims from and after the Petition Date, whether known or unknown, against liabilities of, liens on, obligations of, rights against and Interests in the

Debtors, or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, rights and Interests, including Claims and Interests that arose before the Confirmation Date, all debts of the kind specified in 11 U.S.C. §§ 502(g), 502(h) and 502(i) whether or not (a) a Proof of Claim or interest based upon such Claim, debt, right or Interest is filed or deemed filed under 11 U.S.C. § 501; (b) a Claim or Interest based upon such Claim, debt, right or Interest is allowed under 11 U.S.C. § 502, or (c) the holder of such a Claim, debt, right, or Interest accepted the Plan. This Confirmation Order shall constitute a determination of the discharge of all of the Claims against and Interests in the Debtors as of the Effective Date.

21. Except as otherwise expressly provided in the Plan, the documents executed pursuant to the Plan, or this Confirmation Order, on and after the Effective Date, all Persons and entities who have held, currently hold, or may hold a debt, Claim, or Interest discharged pursuant to the terms of the Plan (including States and other governmental units, and any State official, employee, or other entity acting in an individual or official capacity on behalf of any State or other governmental units) shall be permanently enjoined from taking any of the following actions on account of any such discharged debt, Claim, or Interest: (a) commencing or continuing in any manner any action or other proceeding against the Debtors, their successors, or their property; (b) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors, their successors, or their property; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtors, their successors, or their property; or (d) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

22.  The release, exculpation, and injunction provisions contained in the Plan, including Section X, shall be effective and binding upon all persons and entities to the full extent provided in the Plan.

23.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

24.  Each term and provision of the Plan is valid and enforceable.

25.  To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

26.  Pursuant to Fed. R. Bankr. P. 3020(e), this Confirmation Order under the circumstances shall not be stayed and shall be immediately effective upon entry.

27.  The date of entry of this Confirmation Order shall be the Effective Date of the Plan and service of this Confirmation Order shall act as adequate notice of the Effective Date.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
U.S. Bankruptcy Judge

DATED: September 24, 2009
St. Louis, Missouri
LBK

*Order prepared by*
Daniel D. Doyle
Spencer Fane Britt & Browne LLP
1 N. Brentwood Blvd, Tenth Floor
St. Louis MO 63105
(314) 863-7733
No later than 5 business days after the date of this order, <u>Attorney for Debtor</u> is directed to serve a copy of the order on all necessary parties and is directed to file a certificate of service no later than 2 business days after service.